IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. CR 06-1020 |
| vs. | ) ) ) | |
| TERRY TERRELL SAMUELS, a/k/a T.G., | ) ) ) ) | |
| Defendant. | ) | |

## TRIAL MEMORANDUM

### I. PRE-TRIAL STATEMENT AS TO THE STATUS OF THE CASE

(a) The case against defendant is the primary case set for jury trial on Monday, June 18, 2007, in the Courtroom of the United States Courthouse in Cedar Rapids, Iowa. Jury selection is scheduled for June 15, 2007. The case is the standby case for June 11, 2007, with testimony scheduled for June 13, 2007.

(b) The estimate of the probable duration of the trial is 1 day (excluding jury selection).

(c) The defendant is detained pending trial.

(d) An interpreter is not required in this matter.

(e) It is not proposed that a jury be waived.

(f) The defendant is charged in a two count indictment with distribution of cocaine base in violation of Title 21, United States Code, Section 841(a)(1).

1

(g) Title 21 of the United States Code, Section 841(a)(1), provides:

[I]t shall be unlawful for any person knowingly or intentionally to * * * distribute * * * or possess with the intent to * * * distribute * * * a controlled substance.

(h) The essential elements of distribution are as follows:

<u>One</u>, that on or about the date alleged the defendant intentionally transferred crack cocaine, a Schedule II controlled substance, to another person; and

<u>Two</u>, at the time of the transfer, the defendant knew it was crack cocaine.

In order to apply the enhanced penalties, the United States would have to prove:

(A) the offense involved 5 grams or more of cocaine base, also known as crack cocaine; and

(B) the offense occurred within 1,000 feet of the real property of a school.

<u>See</u> *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000) (facts which enhance a statutory penalty must be submitted to the jury and proven beyond a reasonable doubt).

On June 4, 2007, the United States filed an Amended Information for enhanced penalties based upon defendant's prior felony drug convictions. The fact that defendant has one or more prior felony convictions need not be presented to the jury to apply the enhanced penalties. *United States v. Whitehead*, 2007 WL 1574591 (8th Cir. June 1, 2007) (citing *United States v. Collins*, 340 F.3d 672, 679 (8th Cir. 2003)).

(i) The parties have submitted joint proposed instructions in this case.

**II.     EVIDENTIARY ISSUES**

(a)     **Stipulations:** The parties have entered stipulations that the laboratory reports are admissible and that the property involved in the offense was within 1,000 feet of the real property comprising a school.

(b) **Agent Testimony:** The United States may rely upon testimony of experienced drug agents, analysts, or others qualified in the field of drug trafficking and related activities. See *United States v. Lowe*, 9 F.3d 43, 46-47 (8th Cir. 1993); *United States v. Mabry*, 3 F.3d 244, 247 (8th Cir. 1993); *United States v. Boykin*, 986 F.2d 270, 275 (8th Cir. 1993); *United States v. Martin*, 869 F.2d 1118, 1120-21 (8th Cir. 1989); *United States v. Franklin*, 728 F.2d 994, 997-98 (8th Cir. 1984).

(c) **Tape Recordings:** The United States intends to offer into evidence recordings made during the course of the investigation. Foundation for the recordings will be laid through testimony of a participant in the investigation, who will testify that the recordings fairly and accurately reflect the activities on the dates in question. *United States v. McCowan*, 706 F.2d 863, 865 (8th Cir. 1983).

(d) **Co-Conspirator Statements:** The prosecution will offer statements made by co-conspirators during and in furtherance of the conspiracy, including recorded statements. See Fed. R. Evid. 801(d)(2)(E); *Bourjaily v. United States*, 483 U.S. 171 (1987). Such statements are admissible if the prosecution demonstrates by a preponderance of the evidence that (1) a conspiracy existed; (2) that the defendant and the declarant were members of the conspiracy; and (3) that the declaration was made during the course of and in furtherance of the conspiracy. *United States v. Bell*, 573 F.2d 1040, 1043 (8th Cir. 1978). Co-conspirator statements are admissible whether or not the defendant is charged with the crime of conspiracy. *United States v. Smith*, 596 F.2d 319, 321 (8th Cir. 1979); *United States v. Scavo*, 593 F.2d 837, 845 n.4 (8th Cir. 1979).

The Eighth Circuit has established a procedure to be followed when admissibility of a co-conspirator statement is at issue. The trial court should conditionally admit the statement, subject to the requirement that the government prove by a preponderance of the evidence that the statement was made by a co-conspirator during the course and in furtherance of the conspiracy. *United States v. Bell*, 573 F.2d at 1044; *United States v. Wood*, 851 F.2d 185, 187 (8th Cir. 1988). The co-conspirator statement itself may be considered by the Court when determining whether the government has satisfied its burden of proof. *Bourjaily v. United States*, 483 U.S. at 176-81; *Wood*, 851 F.2d at 189. If the government fails to meet its burden to show that a particular statement is admissible pursuant to Fed. R. Evid. 801(d)(2)(E), the Court should issue a cautionary instruction to the jury, or declare a mistrial if an instruction would not suffice to cure any prejudice. *Wood*, 851 F.2d at 187.

Statements made "in furtherance" of a conspiracy include, but are not limited to, those identifying other co-conspirators or a co-conspirator's source of supply for illegal drugs, *United States v. Meeks*, 857 F.2d 1201, 1203 (8th Cir. 1988); *United States v. Lewis*, 759 F.2d 1316, 1348 (8th Cir. 1985); discussing a co-conspirator's role in the conspiracy, *United States v. Johnson*, 925 F.2d 1115, 1117 (8th Cir. 1991); apprizing a co-conspirator of developments in a conspiracy, *United States v. Jackson*, 549 F.2d 517, 533-34 (8th Cir. 1977); giving directions to facilitate the conspiracy, *United States v. Massa*, 740 F.2d 629, 638 (8th Cir. 1985); serving to insure good relationships for future business, *United States v. Eisenberg*, 807 F.2d 1446, 1454 (8th Cir. 1986); and preserving the conspiracy and foiling attempts at detection. *United States v. Williams*, 87 F.3d 249, 253-54 (8th Cir. 1996).

4

(e)     **Prior Felony Convictions:** Defendant has filed a motion in limine seeking to exclude his prior drug felony convictions from the government's case in chief. (See Docket # 24).

If defendant testifies at trial, the United States intends to introduce evidence of defendant's prior convictions for impeachment purposes pursuant to Fed. R. Evid. 609(a). See, *United States v. Horsman*, 114 F.3d 822, 827 n.7 (8th Cir. 1997) (stating that if the defendant chooses to testify after a stipulation is entered as to the defendant's prior convictions pursuant to *Old Chief v. United States*, 117 S. Ct. 644, 647 (1997), evidence of the prior convictions can properly be introduced to impeach the defendant's testimony). Those prior convictions include:

1.  On April 25, 1996, defendant was convicted of possession of a controlled substance in *People of the State of Illinois v. Terry Samuels,* in the Circuit Court of Cook County, Illinois, Case No. 94CR2871901, a felony drug offense; and

2.  On April 25, 1996, defendant was convicted of possession of a controlled substance in *People of the State of Illinois v. Terry Samuels,* in the Circuit Court of Cook County, Illinois, Case No. 95CR1236401, a felony drug offense; and

3.  On January 26, 1998, defendant was convicted of delivery of a controlled substance in *People of the State of Illinois v. Terry Samuels,* in the Circuit Court of Cook County, Illinois, Case No. 97CR0444901, a felony drug offense.

### III. PRE-TRIAL OPENING STATEMENT

The evidence presented at trial will show that the defendant knowingly distributed cocaine base, more commonly called crack cocaine, a Schedule II controlled substance, on March 24 and 28, 2006. A cooperating defendant will testify that he called defendant and purchased "eightballs" of crack cocaine from him 10 to 15 times

5

during the first part of 2006. If defendant was unable to deliver the crack, defendant would have Angie deliver it for him.

On March 21, 2006, a Confidential Informant ("CI") made arrangements to purchase 10 eightballs of crack cocaine for $800 from Terry Samuels, a.k.a. TG. At about 3:15 p.m., Angie Nichols called the CI and said Samuels gave her the crack and the CI could come over and pick it up. At about 3:34 p.m., the CI then went to 28 E. 15th Street to purchase the crack cocaine. Inside the residence, the CI met with Nichols, who then called defendant before selling 8 eightballs of crack to the CI for $800. The substance purchased was determined by the DCI Laboratory to be 19.34 grams of cocaine base, a Schedule II controlled substance.

At about 10:46 a.m. on March 24, 2006, a Confidential Informant ("CI") made a recorded telephone call to Terry Samuels, a.k.a. "TG". The CI had previously made arrangements to obtain one ounce of crack cocaine from Samuels for $750. During the call, Samuels told the CI he was on his way to deliver the crack cocaine. At about 11:26 a.m., Samuels arrived at 1103½ Iowa Street, Dubuque, Iowa. Inside the building, the CI met with Samuels and Samuels sold the CI 8 bags of crack for $750. The substance purchased was determined by the DCI Laboratory to be 20.24 grams of cocaine base, a Schedule II controlled substance.

At about 9:52 a.m. on March 28, 2006, a Confidential Informant ("CI") made a recorded telephone call to Terry Samuels, a.k.a. "TG". Samuels had previously told the CI that he had one ounce of crack cocaine available for $750. During the call, the CI and Samuels made arrangements to buy the crack cocaine. At about 10:21 a.m., Samuels arrived at 1103½ Iowa Street, Dubuque, Iowa. Inside the building, the CI met

6

with Samuels and Samuels sold the CI 8 bags of crack for $750. The substance purchased was determined by the DCI Laboratory to be 19.35 grams of cocaine base, a Schedule II controlled substance.

Respectfully submitted,

MATT M. DUMMERMUTH
United States Attorney

By, s/Daniel C. Tvedt

DANIEL C. TVEDT
Assistant United States Attorney
401 First Street SE, Suite 400
Cedar Rapids, IA 52401-1825
319-363-0091
319-363-1990 (Fax)
Dan.Tvedt@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on June 6, 2007.

UNITED STATES ATTORNEY
BY: s/S.Patton

COPIES TO:
John Broz