IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR 06-1020 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TERRY TERREL SAMUELS, | ) | SENTENCING MEMORANDUM |
| | ) | |
| Defendant | ) | |
| | ) | |

COMES NOW The Defendant, through counsel, and for his sentencing memorandum hereby states that he intends to call himself as a witness on the subject of his prior criminal record, and does not intend to introduce any exhibits.

The sentencing issues to be decided are:

(1) Guilt

The defendant continues to object to all paragraphs indicating that he is guilty of the instant offense as stated in his objection letter of August 21, 2007. The defendant's arguments on this point were presented at trial and in post trial motions. Defendant wishes to maintain his objections regarding his guilt. However, no further evidence or argument will be presented in view of the Court's ruling on the post trial motions.

(2) Base Offense Level

Under the Guideline Amendment effective November 1, 2007, the Guideline range is 32 rather than 34.

(3) Career Offender

Paragraph 39 is the first paragraph that relies on factors other than the conclusion that the defendant was guilty of the instant offense to enhance the defendant's sentence. Paragraph 39 relies on two predicate state felonies to determine that the defendant is a career offender and potentially enhance his sentence. Paragraph 95 also relates to career offender status. However, as indicted in the objection letter to Probation Officer Schumaker of August 21, 2007, the defendant denies that he was guilty of the predicate offenses. Mr. Samuels pled guilty to the delivery of cannabis charge (described in paragraph 50) and was convicted by a jury of the delivery of cocaine charge (described in paragraph 51).

The cannabis charge occurred when Mr. Samuels was outside in a bad neighborhood and the police rushed up and ordered everyone in the vicinity to put their hands up. A known drug dealer, who was walking by, apparently threw his drugs down near Mr. Samuel's feet and Mr. Samuels was charged. Mr. Samuels pled guilty because of bad advise from his lawyer.

Mr. Samuels is not guilty of the charge described in paragraph 51. The delivery of cocaine charge occurred after Mr. Samuels entered a gambling and drug house at the request of a friend. The police rushed in and many people rushed out leaving drugs behind. Mr. Samuels and the friend remained and were held responsible for the drugs. Samuels was charged. He was convicted by a jury despite maintaining his innocence.

(4) Mandatory Life Sentence

Paragraphs 3, 39, and 94 relate to the recommended mandatory life sentence. Title 21 § 841(b)(1)(A) provides for a mandatory life sentence when a defendant is convicted of violating 21 § 860, and has two prior convictions for felony drug offenses. Mr. Samuels admits that he was convicted of four crimes designated as felony drug convictions, see paragraphs 47, 49, 50, and 51. However, he denies having committed any of these offenses. His denial of the charges under paragraphs 50 and 51 were addressed in the previous section. Mr. Samuels was arrested

with his uncle who was on parole on the charge in paragraph 47 and Mr. Samuels agreed to accept responsibility to help his uncle avoid prison. The charge in paragraph 49 arose when a woman who was riding with him was found to have drugs on her person. However, the officers charged him with the crime. He plead guilty because of bad advise from his lawyer.

Moreover, any reliance for the mandatory life sentence on the possession convictions in 1996 is misplaced. The 1996 possession convictions involved very small amounts of crack cocaine (see paragraphs 47 and 49). Any involvement with cocaine is a felony under Illinois law including simple possession, see 720 ILCS 570/402(c). However, under Federal law, possession of less than 5 grams of crack cocaine is a misdemeanor, see 21 U.S.C. 844 (a).

> Any person who violates this subsection may be sentenced to a term of imprisonment of not more than one year.

on the first offense. (Possession becomes a felony with over three grams after one prior conviction under the subsection and with over two grams after two prior convictions under the subsection.) The case of *Lopez v. Gonzales*, No. 05-547 (U.S. 12/5/2006) (2006) suggests that state felonies, which would be treated as misdemeanors under federal law, should be treated as misdemeanors.

Finally, the Courts have consistently held that multiple convictions, which result from acts forming a single criminal episode, are to be counted as a single conviction, *United States v. Gray*, 152 F. 3d 816, 821 (8th Cir. 1998), see also *United States v. Blackwood*, 913 F 2d 139, 144 (4th Cir. 1990) for purpose of the statute. The statute does not provide guidance in determining what acts constitute a single criminal episode and which acts form separate convictions. Although Mr. Samuels denies that he committed the act underlying any of the four possible predicate offenses, he acknowledges the possibility that the court may believe he did commit the predicate offenses. In that case, he asserts that the acts forming the basis for his convictions described in paragraph 47, 49, 50, and 51 constitute a single criminal episode. He

notes that the acts of his convictions all occurred within six years, all involved small amounts of drugs, and all occurred within the same geographical area, Chicago.

Sharon Bowers, Mr. Samuels' mother, asks that the court take into consideration the fact that Mr. Samuels has been negatively impacted all his life by poor memory and related learning disabilities as noted in paragraphs 64, 74 and 75. She also wishes to emphasize that Mr. Samuels is a very nice person and always has been, see paragraph 64. Finally, she believes that Mr. Samuels problems, having arisen in connection with drugs, should be dealt with through drug treatment rather than prison.

Respectfully submitted,

BY: s/ John Broz
JOHN BROZ
P.O. Box 113
Oakdale, Iowa 52319
jbroz1944@yahoo.com
(319) 393-2600

**ATTORNEY FOR DEFENDANT**
TERRY TERRELL SAMUELS

**Certificate of Service**
I served a copy of this document on the attorneys of record of all parties as follows:
1. Method of service: ( ) personal service
 ( ) first class mail
 ( ) deposited in box at Clerk's Office, U.S. District Court
 ( x ) electronic mail
 ( ) fax
2. Date served: October 26, 2007
I declare that the statements above are true to the best of my information, knowledge, and belief.

 s/ J. Broz