IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. CR 06-1020 |
| | ) | |
| vs. | ) | |
| | ) | |
| TERRY TERRELL SAMUELS, | ) | |
| a/k/a T.G., | ) | |
| | ) | |
| Defendant. | ) | |

**SENTENCING MEMORANDUM**

**TABLE OF CONTENTS**

I.   Summary of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

II.  Factual Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

III. Defendant Qualifies for a Mandatory Life Sentence Under 21 U.S.C.
     §§ 841(b)(1)(A), 851, and 860.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

IV.  Despite Claims of Innocence, Defendant's Pleas of Guilty Establish the
     Fact of Prior Convictions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

V.   Defendant is Subject to a Mandatory Life Sentence as he has at Least
     Two Prior Felony Drug Convictions.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

VI.  Defendant is a Career Offender. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

VII. Conclusion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Plaintiff, United States of America, submits the following memorandum to address issues to be decided by the court at sentencing.

1

## I. Summary of the Case

Sentencing in this case is currently scheduled for November 14, 2007, at 3:30 p.m. Pursuant to the Order Setting Sentencing Hearing, the United States provides the following information:

- A. Witnesses: none
- B. Exhibits: none
- C. As pointed out in the addendum to the presentence report, the following issues need resolution:

    (1) Whether defendant is subject to a mandatory life sentence under 21 U.S.C. §§841(b)(1)(A), 851, and 860; and

    (2) Whether defendant qualifies as a career offender.

## II. Factual Background

On April 25, 1996, defendant was convicted of possession of a controlled substance in *People of the State of Illinois v. Terry Samuels,* in the Circuit Court of Cook County, Illinois, Case No. 94CR2871901, in violation of 720 Illinois Code § 570/402(C), a Class 4 Felony (not more than 3 years imprisonment). (PSIR ¶ 47). Defendant was represented by counsel Anthony J. Basile. Defendant was sentenced to one year on probation.

On April 25, 1996, defendant was convicted of possession of a controlled substance in *People of the State of Illinois v. Terry Samuels,* in the Circuit Court of Cook County, Illinois, Case No. 95CR1236401, in violation of 720 Illinois Code § 570/402(C), a Class 4 Felony (not more than 3 years imprisonment). (PSIR ¶ 49). Defendant was represented by the public defender. Defendant was sentenced to six months' imprisonment and one year probation.

On January 26, 1998, defendant was convicted of delivery of a controlled substance in *People of the State of Illinois v. Terry Samuels,* in the Circuit Court of Cook County, Illinois, Case No. 97CR0444901, in violation of 720 Illinois Code § 550/5(C), a Class 4 Felony (not more than 3 years imprisonment). (PSIR ¶ 50). Defendant was represented by the public defender. Defendant was sentenced to 18 months' probation.

On October 4, 2001, defendant was convicted of delivery of a controlled substance in *People of the State of Illinois v. Terry Samuels,* in the Circuit Court of Cook County, Illinois, Case No. 01CR0092002, in violation of 720 Illinois Code § 570/401(C)(2), a Class 1 Felony (not more than 15 years imprisonment). (PSIR ¶ 51). Defendant was represented by Weinberg and Weinberg. Defendant was sentenced to 2 years' probation.

### III. Defendant Qualifies for a Mandatory Life Sentence under 21 U.S.C. §§ 841(b)(1)(A), 851, and 860.

Defendant's prior state felony convictions for possession of a controlled substance and delivery of a controlled substance are qualifying predicates for a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A). Section 841(b)(1)(A) states in part: "If any person commits a violation of [21 U.S.C. § 860] after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release * * * ."  "The term 'felony drug offense" means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State * * * ." 21 U.S.C. § 802(44). Defendant does not contest the fact that he was convicted of "four crimes designated as felony drug convictions." (Docket # 67 – Sentencing Memo at 2).

Therefore, as defendant has at least two prior convictions for felony drug offenses and was convicted of a violation of 21 U.S.C. § 860, he is subject to a mandatory life sentence under 21 U.S.C. §§ 841(b)(1)(A) and 851.

Citing *Lopez v. Gonzales*, 127 S. Ct. 625 (2006), defendant claims his prior state convictions for felony possession of crack cocaine do not qualify as federal felonies. (PSIR ¶¶ 47, 49). *Lopez* held that, under immigration law, "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." Id. at 633.

> Under the [Immigration and Naturalization Act, 8 U.S.C. § 1101(a)(43)(B)], the term "aggravated felony" includes a "drug trafficking crime" [as defined in 18 U.S.C. § 924(c)]. *Lopez*, 127 S. Ct. at 627-28. In turn, the term "drug trafficking crime" includes "'any felony punishable under the Controlled Substances Act . . . .'" Id. at 628.
> * * *
> "[C]onduct made a felony under state law but a misdemeanor under the Controlled Substances Act is (not) a 'felony punishable under the Controlled Substances Act.'" Id. at 627 (quoting 18 U.S.C. §924(c)).

*Tostado v. Carlson*, 481 F.3d 1012, 1015 (8th Cir. 2007).

Defendant claims the convictions for simple possession would only be punished as misdemeanors under federal law and should not be treated as felonies for enhanced punishment under 21 U.S.C. § 841(b)(1)(A), 851, and 860. (PSIR ¶¶ 47, 49).

> The key distinction between *Lopez* and the instant case is that the definition of a felony drug offense is not tied to the Controlled Substances Act. Rather, the term "felony drug offense" is defined as "an offense that is punishable by imprisonment fro more than one year under any law of the United States *or of a State.*" 21 U.S.C. § 802(44) (emphasis supplied). Because Defendant was convicted of a drug offense punishable as a felony by the state, it qualifies to enhance Defendant's sentence under 21 U.S.C. § 841(b)(1)(A).

*United States v. Winningham*, 2007 WL 1308673, *2 (N.D. Fla 2007) (state felony possession conviction qualifies as a felony drug offense). See also, *Lampton v.*

*Menifee*, 2007 WL 2710798, *4, 5-6 (W.D. La 2007) (same); *Patton v. United States*, 2007 WL 1796225, *3-4 (E.D. Mich 2007) (state misdemeanor conviction for attempted possession of cocaine, punishable by more than one year, qualifies as a felony drug offense).

Therefore, because defendant was convicted of a violation of 21 U.S.C. § 860 after having been convicted of at least two prior drug felony offenses, he is subject to a mandatory life sentence under 21 U.S.C. §§ 841(b)(1)(A) and 851.

### IV. Despite Claims of Innocence, Defendant's Pleas of Guilty Establish the Fact of Prior Convictions

While acknowledging he has been convicted of the offenses set forth in paragraphs 47, 49, 50 and 51 of the presentence report, defendant denies he committed the offenses in paragraphs 50 and 51. (Docket # 67 - Sentencing Memo at 2). Defendant claims he pled guilty to delivery of cannabis (PSIR ¶ 50) due to bad advice from counsel. (Docket # 67 - Sentencing Memo at 2). However, it has long been held that "a defendant by his plea of guilty 'admits the allegations of the facts charged in the information or indictment, and if the plea of guilty is properly entered, the accused cannot later be heard to contend that there was no evidence offered.'" *Bartholomew v. United States*, 286 F.2d 779, 781 (8th Cir. 1961). See also *McCarthy v. United States*, 394 U.S. 459, 466 (1969) (the effect of a guilty plea "is an admission of all the elements of a formal criminal charge.").

> [A] plea of guilty admits all of the elements of a criminal charge, and waives all challenges to the prosecution either by direct appeal or by collateral attack, except challenges to the court's jurisdiction. * * * In order for a defendant who has pleaded guilty to sustain a challenge to the district court's jurisdiction, he must establish that the face of the indictment failed to charge a federal offense. * * * A guilty plea admits factual allegations in the indictment that form the basis for federal jurisdiction.

5

*Mack v. United States*, 853 F.2d 585, 586 (8th Cir. 1988) (citations omitted); *United States v. Vong*, 171 F.3d 648, 654 (8th Cir. 1999) ("By pleading guilty, [defendant] admitted all of the factual allegations in the indictment, * * * and he waives all nonjurisdictional defenses.").

The guilty pleas were admissions by defendant, *United States v. White*, 408 F.3d 399, 404 (8th Cir. 2005) (defendant admits facts in indictment when he pleads guilty without reserving right to contest those facts at sentencing), and the district court can rely on defendant's admissions. Cf. *United States v. Ingles*, 408 F.3d 405, 409 (8th Cir. 2005) (court entitled to base finding of fact on defendant's admission at proffer interview); *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005) (court could reject defendant's testimony and determine drug quantity based upon defendant's earlier statements to law enforcement officers); *United States v. Symonds*, 260 F.3d 934, 936 (8th Cir. 2001) (court could rely on drug quantity stipulations made prior to sentencing).

While defendant offers a different story regarding the prior convictions for sentencing, the court is not required to believe defendant's self-serving testimony. Cf. *United States v. Long Feather,* 299 F.3d 915, 917 (8th Cir. 2002) ("jury was well within its rights to disregard [defendant's] self-serving testimony in favor of the testimony of other witnesses"). Credibility findings are "quintessentially a judgment call and virtually unassailable on appeal." *United States v. Marshall,* 411 F.3d 891 (8th Cir. 2005).

To the extent that defendant is trying to attack his prior convictions, the guidelines "do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law." USSG § 4A1.2, comment. (n.6). The Supreme Court has limited this attack to cases where

6

the defendant has entered a plea without the benefit of counsel. *Custis v. United States*, 511 U.S. 485 (1994); *Moore v. United States*, 178 F.3d 994, 997 (8th Cir. 1999) ("Generally, defendants may not collaterally attack prior convictions used for sentencing enhancements."); *United States v. Strange*, 102 F.3d 356, 362 (8th Cir. 1996) (cannot collaterally attack prior convictions at guideline sentencing); see also *United States v. Mackins*, 218 F.3d 263, 269 (3d Cir. 2000) (collecting cases from various circuits). As defendant had counsel for his prior convictions, defendant may not collaterally attack the prior convictions at his federal sentencing.

In addition, 21 U.S.C. § 851(e) states "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under [21 U.S.C. § 851] which occurred more than five years before the date of the information alleging such prior conviction." Here, defendant's prior convictions occurred on April 25, 1996, January 26, 1998, and October 4, 2001. The United States Attorney filed an Information pursuant to 21 U.S.C. § 851(a) on June 4, 2007. (PSIR ¶ 4). Therefore, defendant may not challenge the validity of the prior convictions as more than five years passed before the filing of the information.

The uncontested record reflects that defendant's prior convictions have not been overturned and are still valid. Therefore, defendant has failed to carry his burden to show that the prior convictions are constitutionally infirm. *United States v. Early*, 77 F.3d 242, 245 (8th Cir. 1996) (per curiam) ("once the Government has carried its initial burden of proving the fact of conviction, it is the defendant's burden to show a prior conviction was not constitutionally valid"); *United States v. Strange*, 102 F.3d 356, 362 (8th Cir. 1996) (same). Defendant's claims should be rejected.

## V. Defendant Is Subject to a Mandatory Life Sentence as He Has At Least Two Prior Felony Drug Convictions

Defendant claims that the prior felony convictions set out paragraphs 47, 49, 50, and 51 "constitute a single criminal episode" and should be treated as a single conviction for sentencing enhancement under section 841(b)(1)(A)." (Docket # 67 at 3).

> The structure of [21 U.S.C. § 841(b)(1(A)] indicates that "the purpose of this statute is to target recidivism . . . a legitimate and long-held goal of our criminal justice system." * * * Because of this purpose, we have held that if two or more prior drug felony convictions "result from acts forming a single criminal episode, they should be treated as a single conviction for sentencing enhancement under section 841(b)(1)(A)."

*United States v. Gray*, 152 F.3d 816, 821 (8th Cir. 1998) (citations omitted). A "separate criminal episode may be 'an incident that is part of a series, but forms a separate unit within the whole. Although related to the entire course of events, an episode is a punctuated occurrence with a limited duration.'" *Gray*, 152 F.3d at 822 (quoting *United States v. Hughes*, 924 F.2d 1354, 1361 (6th Cir. 1991)); see also *United States v. Mason*, 440 F.3d 1056, 1057-58 (8th Cir. 2006) (criminal episodes for ACCA).

Here, the prior felony drug offenses did not arise from acts constituting a single criminal episode. On September 4, 1994, defendant was arrested in Chicago for possession of a crack cocaine and sentenced to probation on April 25, 1996. (PSIR ¶ 47). While pending resolution of his first possession charge, defendant was arrested on February 20, 1995, for possession of crack cocaine. (PSIR ¶ 49). Defendant was sentenced to 6 months' imprisonment on April 25, 1996. (PSIR ¶ 49). After his release from prison, defendant was arrested on December 31, 1996, and charged with delivery of marijuana. (PSIR ¶ 50). On January 26, 1998, defendant was sentenced to 18 months' probation. (PSIR ¶ 50). On November 20, 2000, defendant was arrested and

charged with delivery of cocaine and aggravated use of a weapon. (PSIR ¶ 51). On October 4, 2001, defendant was sentenced to two years' probation. (PSIR ¶ 51).

As the convictions are "distinct in time, occurring on separate days, and required separate planning and execution" by defendant, *Gray*, 152 F.3d at 821, involved different individuals, with defendant serving prison time or probation in between convictions, they are not part of the same criminal episode. *Gray*, 152 F.3d at 821 (drug sales to same CI on consecutive days not part of single episode). See also, *United States v. McAtee*, 481 F.3d 1099, 1105 (8th Cir. 2007) (four year time span between crimes "guarantees that the two crimes required separate planning and execution by McAtee, even if they involved the same type of offense in the same geographic area during McAtee's prolonged drug addiction."); *United States v. Titlbach*, 339 F.3d 692, 697 (8th Cir. 2003) (substantive offense during time frame of conspiracy a prior unrelated conviction for statutory sentencing enhancement); *United States v. Johnston*, 220 F.3d 857, 861-62 (8th Cir. 2000) (Iowa possession of marijuana with intent conviction and New Mexico marijuana conspiracy conviction not part of same criminal episode); *United States v. Millard*, 139 F.3d 1200, 1209 (8th Cir. 1998) (prior conviction not part of instant offense where instant conviction based upon acts following release from prison). Therefore, as defendant has at least two prior drug felonies, he is subject to a mandatory life sentence.

**VI.    Defendant Is a Career Offender**

In the event defendant is not subject to a mandatory life sentence, defendant claims he does not qualify as a career offender. (Docket # 67 - Sentencing Memo at 2). A defendant is a career offender if (1) he is at least eighteen years old at the time of the

9

instant offense; (2) the instant offense is a felony that is a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions that are crimes of violence or drug offenses. USSG §4B1.1. Here, defendant has two prior convictions that qualify for career offender purposes: delivery of cannabis (PSIR ¶ 50); and delivery of cocaine (PSIR ¶ 51). Therefore, defendant is a career offender under USSG §4B1.1 with a guideline range of 360 months to life imprisonment. (PSIR ¶¶ 39, 95).

### VII. Conclusion

The court should find defendant has at least two prior convictions for felony drug offenses and assess criminal history points where defendant either pleaded or was found guilty to prior felony drug or controlled substance offenses. Defendant should be sentenced to a mandatory life sentence as required by 21 U.S.C. §§ 841(b)(1)(A), 851 and 860. Should defendant not be subject to a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A), the court should find defendant to be a career offender based upon the two prior convictions for controlled substance offenses set out in paragraph 39.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this document was served on October 29, 2007, to the parties or attorneys of record, shown below by:

☐ U.S. Mail   ☐ Fax   ☐ Hand Delivery
■ Electronically

UNITED STATES ATTORNEY

BY: __s/S. Patton_____

COPIES TO:
  John Broz

Respectfully submitted,

MATT M. DUMMERMUTH
United States Attorney

By, s/Daniel C. Tvedt

DANIEL C. TVEDT
Assistant United States Attorney
401 First Street SE, Suite 400
Cedar Rapids, IA 52401-1825
319-363-0091
319-363-1990 (Fax)
Dan.Tvedt@usdoj.gov