TERRY TERRELL SAMUELS
Reg. No. 19361-424
Federal Correctional Institution
2600 South Second Street
Post Office Box 5000
Pekin, IL 61555-5000
309-346-8588


RECEIVED OCT 17 2019

DEFENDANT PRO SE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Crim. No. CR-06-1020-1-LRR |
| TERRY TERRELL SAMUELS, ) | Hon. Linda R. Reade |
| Defendant. ) | United States District Judge |

### MOTION FOR REDUCTION OF SENTENCE
### PURSUANT TO THE FIRST STEP ACT OF 2018

COMES NOW the Defendant, TERRY TERRELL SAMUELS, pro se, and respectfully moves the Court for a reduction of sentence pursuant to Section 404 of the First Step Act of 2018 ("FSA 2018"). The FSA 2018 expressly makes the Fair Sentencing Act of 2010 retroactive applicable, and authorizes district courts to reduce a sentence as if "sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372)" were in effect at the time Defendant's offenses were committed.

### I. AUTHORITY

Section 404 - Application of Fair Sentencing Act states:

> (a) DEFINITION OF COVERED OFFENSE.--In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were

modified by section 2 or 3 of the Fair
Sentencing Act of 2010 (Public Law 111-220;
124 Stat. 2372), that was committed before
August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.--A
court that imposed a sentence for a covered
offense may, on motion of the defendant, the
Director of the Bureau of Prisons, the
attorney for the Government, or the court,
impose a reduced sentence as if sections 2 and
3 of the Fair Sentencing Act of 2010 (Public
Law 111-220; 124 Stat. 2372) were in effect at
the time the covered offense was committed.

## II.   HISTORICAL FACTS

Defendant was convicted of distribution of 20.24 grams of cocaine base within 1,000 feet of a protected location after two or more prior felony drug convictions in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), 851 and 860 (Count 1), and distribution of 19.35 grams of cocaine base within 1,000 feet of a protected location after two or more prior felony drug convictions in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(A), (b)(1)(B), 851 and 860 (Count 2). On November 14, 2007, Defendant was sentenced to life imprisonment on Counts 1 and 2 which counts were ordered to run concurrently.

The jury found Defendant guilty of distribution of 5 grams or more of a mixture or substance containing a detectable amount of cocaine base. Docket Sheet at 51.

At sentencing the Court stated: "The base offense level is a 32. And he is being held responsible for 257.39 grams of cocaine base, in a range of 150 grams but less than 500 grams of cocaine base." Sent. Tr. at 17. Pursuant to the Fair Sentencing Act of 2010 Defendant's base offense level was lowered to 28, but he has a one level enhancement for protected location and a two level

2

enhancement pursuant to U.S.S.G. § 3B1.1(c) for a total offense level of 31.

The Defendant's offense level was raised to level 37 pursuant to U.S.S.G. § 4B1.1 due to the fact he was a career offender. The Court held "because the instant offense is punishable by a statutory maximum term of life imprisonment, defendant's offense level under the advisory guidelines is increased to a 37. And defendant is a criminal history category VI. Under the advisory guidelines, his guideline range of imprisonment, but for the mandatory life under the statute, but for the mandatory life under the statute, would be 360 months to life." Sent. Tr. at 18.

At the time Defendant was sentenced, only 50 grams of more of crack was needed to invoke 21 U.S.C. § 841(b)(1)(A). After the Fair Sentencing Act of 2010 was passed, 280 grams or more of crack was need to invoke § 841(b)(1)(A). The Defendant's offense level is still controlled by the career offender guideline because the drug guideline produces a base offense level lower than the career offender guideline. But, Defendant's statutory maximum is now 40 years under § 841(b)(1)(B) instead of life under § 841(b)(1)(A),

The Fair Sentencing Act reduces Defendant's career offender offense level from 37 to 34. The guideline range for offense level 34 is 262 to 327 months imprisonment with criminal history VI.

### III. POSITIVE FACTS

1. While confined, the Defendant has maintained a clear conduct record and has not incurred any type of incident report.

See attached disciplinary record.

2. Defendant has maintained a positive attitude during his period of incarceration, and accepts full responsibility for his past criminal activities, and is remorseful for those activities. The Defendant is not the same person who stood before this Court in 2006.

3. Defendant has been a participant in the suicide prevention program which has had a very positive effect on Defendant's life.

4. Defendant has not used any type of controlled substance since being confined, and has never tested positive for a controlled substance since being incarcerated. The Defendant has completed the non-residential drug program, and is enrolled in the 500 hour Residential Drug Treatment Program as recommended by the Court, but he will not be eligible to attend the program until he is within 24 months of his release date.

5. Since being confined, the Defendant has completed a number of educational programs. Defendant has been involved in every rehabilitation program that has been made available to him.

6. Defendant has maintained fulltime employment, and has obtain an excellent work ethic since being confined, which will be very beneficial when he is released.

7. The Defendant attends Church on a regular basis, and has obtained religious counselling since being confined.

8. The Defendant plans to reunite with his family in Chicago, Illinois, upon his release. The Defendant has one

## CONCLUSION

WHEREFORE, in the interest of justice, the Defendant

respectfully moves the Court to reduce his sentence pursuant to the First Step Act of 2018 to 262 months imprisonment which is the low end of the Guideline range.

                                        Respectfully submitted,

                                        Terry Terrell Samuels
                                        Defendant pro se

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY under penalty of perjury I placed a copy of the foregoing MOTION FOR REDUCTION OF SENTENCE in the Prisoners Legal Mailbox at the Federal Correctional Institution at Pekin, Illinois, first class postage affixed, addressed to:

    United States Attorney
    Northern District of Iowa
    111 Seventh Avenue, S.E.
    Cedar Rapids, IA 52401-2101

for the purpose of service herein. Executed at Pekin, Illinois, on this __15__ day of October, 2019. 28 U.S.C. § 1746.

Terry Terrell Samuels



