# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>TERRY SAMUELS,<br>Defendant. | Case No. 06cr1020<br>Hon. Linda Reade |

## DEFENDANT TERRY SAMUELS'S SUPPLEMENTAL MOTION FOR A REDUCED SENTENCE PURSUANT TO SECTION 404(b) OF THE FIRST STEP ACT

TERRY SAMUELS is serving mandatory, concurrent life sentences for distributing 20.24 grams and 19.35 grams of crack, respectively, within 1000 feet of a protected location. Undersigned counsel has been unable to discern precisely how Mr. Samuels received a statutory life sentence. His drug quantity did not require life, even under the old 100:1 crack penalties or drug recidivist enhancements. Terry Samuels's life sentence may be an error. Fortunately, the Court need not reach the question of whether Mr. Samuels's life sentence is erroneous, because he is eligible for First Step Act relief.

TERRY SAMUELS, by his attorney MIANGEL CODY, submit this Motion for a Reduced Sentence Pursuant to Section 404(b) of the First Step Act. **Mr. Samuels respectfully requests the Court to reduce his life sentence to 180 months imprisonment.**

Given the fistful amount of crack in his case, his earnest rehabilitative efforts and the need to avoid unwarranted disparities, a reduced sentence of 180 months' imprisonment is "sufficient but not greater than necessary" to accomplish the penological goals of

punishment in this case. *See* 18 U.S.C. § 3553(a). In support of this motion for a reduced sentence, we state as follows:

### I. FACTUAL BACKGROUND

On May 26, 2006, Samuels was charged by two-count Indictment with distributing 20.24 grams of crack within 1000 feet of a protected location (Count I) and distributing 19.35 grams of crack within 1000 feet of a protected location (Count II). Samuels's charged conduct violated 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 860(a). The government filed a three-strikes enhancement pursuant to 21 U.S.C. § 851. (Doc. No. 32: Amended 851 Notice). **It is important to note that Mr. Samuels was never charged or convicted of violating 21 U.S.C. § 841(b)(1)(A); therefore, he should not have been subject to a three-strikes enhancement under Section 851**. In other words, Mr. Samuels drug offenses in each count (20.24 grams and 19.35 grams) were far less than 50 grams of crack needed to trigger the pre-FSA enhanced three-strikes penalties.[1]

On June 19, 2007, a jury found Defendant Samuels guilty of Count I and Count II. (Doc. No. 51: Verdict Form).

At his November 14, 2007 sentencing, based on the arguments of government's counsel, the Court believed that it was required to impose a statutory life sentence.[2] (Doc.

---

[1] Because Mr. Samuels's crack offenses exceeded 5 grams and occurred after a conviction for a prior drug offense had become final, he was subject to a two-strikes enhancement that increased his statutory penalties to a 10-year minimum and maximum life sentence.

[2] In its sentencing memorandum, the government argued: "Defendant's prior state felony convictions for possession of a controlled substance and delivery of a controlled substance are qualifying predicates for a mandatory life sentence under **21 U.S.C. § 841(b)(1)(A).**" Doc. No. 68 at p. 3 (emphasis added). The government's argument is particularly perplexing because it never

No. 72: Judgment). The Court sentenced Mr. Samuels to life on Count 1 of the Indictment and life on Count 2, to run concurrent with the life sentence on Count 1. The Eighth Circuit Court of Appeals affirmed Samuels's conviction and sentence on October 9, 2008. (Doc. No. 90: Appellate Decision).

## II. LEGAL STANDARDS

### A. The Fair Sentencing Act of 2010

Prior to the Fair Sentencing Act of 2010 (FSA), an offense such as Mr. Samuels's involving 5 to 49.9 grams of crack cocaine triggered a 5-year minimum sentence and a statutory maximum of 40 years of imprisonment. *Dorsey v. United States, 567* U.S. 260, 266 (2012). Prior to the FSA, an offender who trafficked 5 to 49.9 grams of crack after a conviction for a prior drug offense had become final could be subject to a 10-year minimum sentence and a statutory maximum of life imprisonment, if the government filed an recidivist enhancement pursuant to § 851. Notably, even under the old pre-FSA 100:1 crack/powder ratio, there was *never* a mandatory life penalty for crack offenses involving less than 50 grams.

Section 2 of the FSA amended § 841(b)(1)(A)(iii) by striking "50 grams" and inserting "280 grams" and amended § 841(b)(1)(B)(iii) by striking "5 grams" and inserting "28 grams". Public Law 111-220; 124 Stat. 2372, § 2. Accordingly, post-FSA, it takes 280 grams of crack cocaine to trigger § 841(b)(1)(A)(iii)'s 10-year mandatory minimum and 28 grams to trigger § 841(b)(1)(B)(iii)'s 5-year mandatory minimum. *Dorsey, 567* U.S. at 269. The Supreme Court

---

charged Mr. Samuels with violating 21 U.S.C. § 841(b)(1)(A). Undersigned counsel has been unable to discern precisely how Mr. Samuel's ended up with a mandatory, statutory life sentence. There does not appear to be any statutory basis for his permanent banishment.

determined the FSA applied to any defendant who had not been sentenced as of the Act's effective date: August 3, 2010. *Id.* at 281. The FSA did not apply retroactively to defendants sentenced prior to August 3, 2010. *Id.*

## B. The First Step Act of 2018

The First Step Act of 2018 legislatively authorized district courts to reduce pre-FSA crack penalties retroactively for "covered offense[s]". Specifically, § 404(a) of the First Step Act defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372),[3] that was committed before August 3, 2010." Section 404(b) then states: "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."[4]

---

[3] Section 3 of the FSA eliminated the mandatory sentence for simple possession of crack cocaine in 21 U.S.C. § 844(a).

[4] There are only two limitations to the Court's ability to impose a reduced sentence. First, the defendant cannot receive a reduced sentence if the sentence was imposed or previously reduced in accordance with the amendment made by sections 2 and 3 of the FSA. Second, if the Court has already rejected a motion filed under § 404 of the Fair Sentencing Act "after a complete review of the motion on the merits" the defendant cannot ask for a second bite at the apple. First Step Act § 404(c). Neither exception applies to Mr. Samuels case, as he has never received or been denied a Section 404 reduction.

## III. DISCUSSION

### A. Mr. Samuels is Eligible for a Reduced Sentence Pursuant to Section 404(b) of the First Step Act.

Samuels case involves a "covered offense" under the First Step Act because he is imprisoned for a crack offense whose statutory penalties were modified by the FSA. Count One of the Indictment alleged Mr. Samuels distributed 20.24 grams of crack within 1000 feet of a protected location; Samuels received a life sentence on Count I. Count II of the Indictment alleged Mr. Samuels distributed 19.35 grams of crack within 1000 feet of a protected location; Samuels received a concurrent life sentence on Count Two.

During his 2007 sentencing, the government and Court believed Mr. Samuels statutory range was life. However, Samuels's correct statutory range was most probably 10 years to life on each count of the Indictment. Nonetheless, it is ultimately inconsequential whether Samuels's statutory range was mandatory life *or* 10 years to life back in 2007; his statutory range today has certainly changed post-FSA.

Today, Samuels would face absolutely no mandatory minimum on Count One of the Indictment. Similarly, as to Count Two, Samuels would face no mandatory minimum. Because both counts involved less than the current 28-grams threshold, today, Samuels could not be subject to any mandatory minimum or recidivist §851 enhancement.

Mr. Samuels continues to be subject to increased statutory *maximum* penalties, however, because his offenses occurred within 1000 feet of a protected location. Under 21 U.S.C §860(a), Samuels would be "subject to [ ] twice the maximum punishment

authorized by section 841(b) of this title." **Today, Samuels's statutory range for Counts One and Two would be 0 to 60 years', if he were standing before Your Honor.**

In this case, the charged drug quantities of 20.24 grams and 19.35 grams of crack fall far short of the drug quantity thresholds for any 851 Enhancement. Accordingly, Mr. Samuels is *eligible* for a sentence reduction pursuant to Section 404 of the First Step Act. The next question is to what *extent* the Court should reduce Mr. Samuels's sentence.

### B. The Court is Free to Sentence Mr. Samuels Below the Current Guidelines Range.

At his original sentencing, Mr. Samuels was found to be a career offender. Samuels' two prior convictions that qualified for career offender purposes were: delivery of cannabis (PSIR ¶ 50); and delivery of cocaine (PSIR ¶ 51).

Today, Mr. Samuels continues to be categorized as a career offender. His total offense level is 34 and his criminal history category is VI, resulting in a presently applicable guideline range of 262 to 327 according to the current Guidelines Manual. A sentence within the guideline range would be greater than necessary in this case, particularly given the low drug quantity and lack of aggravating enhancements.

Mr. Samuels has been in custody since his arrest on March 19, 2007 (Doc. No. 5: Executed Arrest Warrant). He has served approximately 153 months of actual custody.

### C. The Defendant Terry Samuels Offers The Following 3553(a) Information in Mitigation.

> *"I was a suicide companion for three years, which allowed me to help other people. It helped me grow as a man and to see the positive effect of changing my outlook. I just like to help people. I continue to study and do positive things for people."*
>
> -- Statement of Terry Samuels

For the first time in Mr. Samuels's case, the Court is free to fashion a penalty that is "sufficient, but not greater than necessary" to accomplish the statutory purposes set forth in 18 U.S.C. 3553(a). Mr. Samuels asks the Court to impose a concurrent sentence of 180 months' imprisonment on Counts 1 and 2 of the Indictment.[5] In support of his sentence request, Mr. Samuels points to the following mitigating factors for consideration:

1. **Mr. Samuels is not the type of offender that Congress and the Sentencing Commission had in mind when the career offender enhancement was created.**

The career offender guideline was created by the Sentencing Commission after Congress expressed its desire to set guideline ranges at or near the statutory maximum for certain specifically described repeat violent and serious drug offenders. Congress had in mind "major drug traffickers" who "often have substantial ties outside the United States from whence most dangerous drugs are imported into the country." The problem, however, is that the typical career offender in federal court today comes nowhere near the description of the targeted traffickers and violent offenders who Congress hoped to penalize more harshly. Instead, it is far more frequently the street corner dealers or drug-addicted offenders who find themselves facing the staggering sentences advised by § 4B1.

Though technically classified as a guideline career offender, Mr. Samuels falls outside of the heartland of dangerous recidivists. One of his career offender predicates was for a

---

[5] The Court sentenced Mr. Samuels to life on Count 1 of the Indictment and life on Count 2, to run concurrent with the life sentence on Count 1. Mr. Samuels asks the Court to reduce his sentence on both Counts 1 and 2 to 180 months, to run concurrent to each other.

personal use amount of marijuana in Cook County, Illinois. Today, that conduct has been decriminalized in Cook County and it is unlikely that Mr. Samuels would be charged.

Furthermore, in a recent congressional report, the Sentencing Commission stated the career offender guideline enhancement "is best focused on those offenders who have committed at least one 'crime of violence' " and the Commission recommended that Congress "amend the directive to reflect this principle by no longer including those who currently qualify as career offenders based solely on drug trafficking offenses. These reforms would help ensure that federal sentences better account for the severity of the offenders' prior records, protect the public, and avoid undue severity for certain less culpable offenders."[6]

Furthermore, Mr. Samuels prison record speaks volumes. Per the attached BOP progress report, Samuels has taken many educational classes while in prison, maintained clear conduct and poses no issue for staff or other inmates.[7] For the past 13 years, he has taken educational classes every year of his incarceration, even in the face of a life sentence and with no certainty that he will ever be released from prison.

---

[6] Report to the Congress: Career Offender Sentencing Enhancements, available here: https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/criminal-history/201607_RtC-Career-Offenders.pdf (last accessed January 10, 2020).

[7] BOP Progress Report, dated September 30, 2019, attached as Exhibit A.

**2. The Nature and Circumstances of the Offense.**

Mr. Samuels was a street-level dealer who sold crack. This is not a large-scale conspiracy case. Samuels was the only person charged in his indictment. There was no gun enhancement in his offense.

**3. Mr. Samuels has a Compelling Reentry Plan.**

If he were released from prison, Mr. Samuels would live in Bloomington Normal with his family, including a cousin Suquon Samuels, who presently works in the healthcare field. He family stands ready and waiting to support his reentry.

**IV. CONCLUSION**

Defendant Terry Samuels is eligible for a sentence reduction under Section 404(b) of the First Step Act. Mr. Samuels asks the Court to reduce his life sentence to 180 months' of concurrent imprisonment on Count 1 and Count 2, particularly given the low drug quantity in this case, his earnest rehabilitation, and the need to avoid unwarranted disparities.

Respectfully submitted,

        TERRY SAMUELS
        DEFENDANT

        BY: /s/ MiAngel Cody
        *Counsel for the Defendant*
        TDC Law Office
        1325 S. Wabash Ave., Ste 305
        Chicago, Illinois 60605
        Telephone: (312) 621-8333

# CERTIFICATE OF SERVICE

       The undersigned, MiAngel Cody, an attorney with The Decarceration Collective hereby certifies that on January 16, 2020, I electronically filed the following with the Clerk of the Court using the CM/ECF system:

**DEFENDANT TERRY SAMUELS'S MOTION FOR A REDUCED SENTENCE UNDER SECTION 404(b) OF THE FIRST STEP ACT**

<u>/s/ MiAngel Cody</u>
MIANGEL CODY

THE DECARCERATION COLLECTIVE
LAW OFFICE
1325 S. Wabash Suite 305
Chicago, IL 60605

*Attorney for Terry Samuels*

# EXHIBIT A: BOP Progress Report for Terry Samuels



## Individualized Reentry Plan - Program Review (Inmate Copy)
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: SAMUELS, TERRY T 19361-424

SEQUENCE: 01388449
Team Date: 09-30-2019

| | |
|---|---|
| Facility: PEK PEKIN FCI | Proj. Rel. Date: UNKNOWN |
| Name: SAMUELS, TERRY T | Proj. Rel. Mthd: LIFE |
| Register No.: 19361-424 | DNA Status: ALP01683 / 06-09-2011 |
| Age: 45 | |
| Date of Birth: 01-13-1974 | |

### Detainers

| Detaining Agency | Remarks |
|---|---|
| NO DETAINER | |

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| PEK | FCI BARBER | FCI BARBER SHOP | 06-27-2018 |

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| PEK | ESL HAS | ENGLISH PROFICIENT | 04-29-2008 |
| PEK | GED EN | ENROLL GED NON-PROMOTABLE | 11-06-2017 |
| PEK | GED SAT | GED PROGRESS SATISFACTORY | 07-05-2018 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| PEK | | R6-7:30-9:30 PRE GED 2 | 11-06-2017 | CURRENT |
| PEK | | COPING WITH STRESS | 09-03-2019 | CURRENT |
| PEK | | STRETCHING CLASS- RECREATION | 09-03-2019 | CURRENT |
| PEK | C | FOOT INJURIES CLASS | 08-06-2019 | 09-20-2019 |
| PEK | C | PLYOMETRIC CLASS - RECREATION | 08-08-2019 | 09-20-2019 |
| PEK | C | BENEFITS OF EXERCISE | 07-11-2019 | 09-06-2019 |
| PEK | C | SPEED, AGILITY, AND QUICKNESS | 07-02-2019 | 09-06-2019 |
| PEK | C | NUTRITION CLASS - RECREATION | 05-07-2019 | 05-30-2019 |
| PEK | C | R1-BASIC WELLNESS CLASS | 05-09-2019 | 05-28-2019 |
| PEK | C | JOINT INTEGRITY | 04-09-2019 | 04-25-2019 |
| PEK | C | METABOLISM | 04-09-2019 | 04-30-2019 |
| PEK | C | STRETCHING CLASS- RECREATION | 03-07-2019 | 03-28-2019 |
| PEK | C | COPING WITH STRESS | 03-05-2019 | 03-28-2019 |
| PEK | C | CRC TYPING INSTRUCTOR PLATINUM | 01-28-2019 | 03-26-2019 |
| PEK | C | FOOT INJURIES CLASS | 02-05-2019 | 02-26-2019 |
| PEK | C | RECREATION-RESPIRATORY SYSTEM | 12-06-2018 | 12-27-2018 |
| PEK | C | SPORTS INJURIES 1 | 12-04-2018 | 02-28-2019 |
| PEK | C | PLYOMETRIC CLASS - RECREATION | 02-07-2019 | 02-28-2019 |
| PEK | C | SPEED, AGILITY, AND QUICKNESS | 01-10-2019 | 01-24-2019 |
| PEK | C | BENEFITS OF EXERCISE | 01-08-2019 | 01-29-2019 |
| PEK | C | CRC CAREER RESOURCE FCI | 11-28-2018 | 01-22-2019 |
| PEK | C | NUTRITION CLASS - RECREATION | 11-07-2018 | 11-26-2018 |
| PEK | C | BASIC WELLNESS CLASS | 11-06-2018 | 11-28-2018 |
| PEK | C | LEATHER WORK INSTRUCTION | 09-17-2018 | 12-03-2018 |
| PEK | C | COPING WITH STRESS | 09-04-2018 | 09-25-2018 |
| PEK | C | STRETCHING CLASS- RECREATION | 09-06-2018 | 09-25-2018 |
| PEK | C | FOOT INJURIES CLASS | 08-07-2018 | 08-30-2018 |
| PEK | C | PLYOMETRIC CLASS - RECREATION | 08-08-2018 | 08-28-2018 |
| PEK | C | RECREATION-RESPIRATORY SYSTEM | 06-07-2018 | 06-28-2018 |
| PEK | C | SPORTS INJURIES 1 | 06-05-2018 | 06-26-2018 |
| PEK | C | NUTRITION CLASS - RECREATION | 05-10-2018 | 05-24-2018 |
| PEK | C | BASIC WELLNESS CLASS | 05-08-2018 | 05-29-2018 |
| PEK | C | METABOLISM | 04-05-2018 | 04-26-2018 |
| PEK | C | JOINT INTEGRITY | 04-03-2018 | 04-24-2018 |
| PEK | C | STRETCHING CLASS- RECREATION | 03-08-2018 | 03-29-2018 |
| PEK | C | COPING WITH STRESS | 03-06-2018 | 03-27-2018 |


**Individualized Reentry Plan - Program Review (Inmate Copy)**　　SEQUENCE: 01388449
Dept. of Justice / Federal Bureau of Prisons　　Team Date: 09-30-2019
Plan is for inmate: SAMUELS, TERRY T 19361-424

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| PEK | C | PLYOMETRIC CLASS - RECREATION | 02-08-2018 | 02-22-2018 |
| PEK | C | FOOT INJURIES CLASS | 02-05-2018 | 02-19-2018 |
| PEK | C | SPEED, AGILITY, AND QUICKNESS | 01-06-2018 | 01-25-2018 |
| PEK | C | BENEFITS OF EXERCISE | 01-09-2018 | 01-30-2018 |
| PEK | C | RECREATION-RESPIRATORY SYSTEM | 12-07-2017 | 12-28-2017 |
| PEK | C | SPORTS INJURIES 1 | 12-05-2017 | 12-26-2017 |
| PEK | C | BASIC WELLNESS CLASS | 11-07-2017 | 11-28-2017 |
| PEK | C | NUTRITION CLASS - RECREATION | 11-09-2017 | 11-30-2017 |
| PEK | C | JOINT INTEGRITY | 10-05-2017 | 10-26-2017 |
| PEK | C | METABOLISM | 10-10-2017 | 10-31-2017 |
| PEK | C | COPING WITH STRESS | 09-05-2017 | 09-26-2017 |
| PEK | C | STRETCHING CLASS- RECREATION | 09-07-2017 | 09-28-2017 |
| PEK | C | FOOT INJURIES CLASS | 08-10-2017 | 08-24-2017 |
| PEK | C | PLYOMETRIC CLASS - RECREATION | 08-08-2017 | 08-29-2017 |
| PEK | W | 9:30-11:30 PRE GED ROOM 4 | 04-19-2016 | 01-30-2017 |
| ALP | W | GED CLASS 0730-0930 | 11-09-2015 | 03-22-2016 |
| ALP | C | SWISSBALL FITNESS FRI 11AM-12P | 01-25-2016 | 03-18-2016 |
| ALP | W | GED MATH PREPARATION COURSE | 01-25-2016 | 03-15-2016 |
| ALP | C | FITNESS PRG 50+ MON 11AM-12PM | 01-22-2016 | 03-14-2016 |
| ALP | C | FUNCTIONAL ANATOMY OF THE CORE | 02-02-2016 | 02-23-2016 |
| ALP | C | FITNESS PRG 50+ MON 11AM-12PM | 10-26-2015 | 12-20-2015 |
| ALP | W | PREGED 0730-0930 | 12-01-2014 | 11-09-2015 |
| ALP | C | INTRO TO ECONOMICS | 01-06-2015 | 03-12-2015 |
| THP | W | INT GED 2-3:30 PM ROBERTS | 07-10-2014 | 07-29-2014 |
| THP LCP | W | INT GED 2:00 TO 3:30 PM MORRIS | 04-03-2014 | 06-06-2014 |
| THP LCP | C | INSTRUCTION IN BASIC CHESS | 04-14-2014 | 05-12-2014 |
| THP LCP | W | INT GED 2:00 TO 3:30 PM MORRIS | 01-14-2014 | 02-28-2014 |
| THP LCP | C | WELLNESS CLASS-STEP AEROBICS | 10-03-2013 | 12-30-2013 |
| THP LCP | C | YOGA CLASS | 10-03-2013 | 12-30-2013 |
| THP LCP | C | WELLNESS CARDIO | 10-03-2013 | 12-30-2013 |
| THP LCP | C | MS 10 YOUR OWN HOME THURS 630 | 04-11-2013 | 04-18-2013 |
| THP LCP | C | BEGINNER BUSINESS TUES 630 PM | 01-31-2013 | 04-23-2013 |
| THP LCP | W | INTERMED GED 2-3:30 LOUDERMILK | 04-15-2013 | 04-24-2013 |
| THP LCP | C | MS5 PAY YOURSELF 1ST THURS 630 | 02-28-2013 | 03-14-2013 |
| THP LCP | C | MS 7 TO YOUR CREDIT THURS 630 | 03-21-2013 | 03-28-2013 |
| THP LCP | C | MS 8 CHARGE IT RIGHT THURS 630 | 03-28-2013 | 04-04-2013 |
| THP LCP | C | MS 9 LOAN TO OWN THURS 630 | 04-04-2013 | 04-11-2013 |
| THP LCP | C | MS 4 MONEY MATTERS THURS 6:30 | 02-21-2013 | 02-28-2013 |
| THP LCP | C | MS 3 CHECK IT OUT THURS 630 | 02-14-2013 | 02-21-2013 |
| THP LCP | C | MS2 BORROWING BASICS THURS 630 | 02-07-2013 | 02-14-2013 |
| THP LCP | C | MS 1 BANK ON IT THURS 630 PM | 01-31-2013 | 02-07-2013 |
| THP | C | ACE MOCK INTERNET NAV/JOB SRCH | 12-06-2012 | 12-22-2012 |
| THP | C | ACE KEYBOARDING CLASS | 12-06-2012 | 12-22-2012 |
| ALP | W | ADVAN GED M-F 7:30-09:30 AM | 08-08-2011 | 11-08-2012 |
| ALP | C | VICTIM IMPACT GROUP | 03-28-2012 | 05-18-2012 |
| ALP | C | INTERPERSONAL SKILLS GROUP | 07-07-2011 | 09-23-2011 |
| ALP | C | FITNESS PRG 50+ MON 11AM-12PM | 10-04-2011 | 12-27-2011 |
| ALP | C | FITNESS PRG 50+ MON 11AM-12PM | 08-01-2011 | 09-27-2011 |
| ALP | W | INTER GED M-F 7:30-09:30 AM | 06-27-2011 | 08-08-2011 |
| ALP | W | SMITH ADVANCE GED M-F 730-930 | 09-28-2009 | 04-22-2011 |
| ALP | C | ACE GED REFRESHER COURSE | 09-10-2010 | 12-10-2010 |
| ALP | C | ACE LITERATURE & CINEMA MONDAY | 08-06-2010 | 10-25-2010 |
| ALP | C | RPP - EMPLOYMENT SKILLS | 03-04-2010 | 04-21-2010 |
| ALP | C | RPP - PERSONAL FINANCE/CONSUME | 03-04-2010 | 04-21-2010 |
| ALP | W | JOHNSON'S INT.GED 1230-2:30 | 04-06-2009 | 09-28-2009 |
| ALP | C | RPP - HEALTH SERVICES COURSE | 02-23-2009 | 02-23-2009 |
| ALP | W | CLARK'S   PRE GED 12:30-2:30 | 06-10-2008 | 04-06-2009 |



# Individualized Reentry Plan - Program Review (Inmate Copy)

Dept. of Justice / Federal Bureau of Prisons

SEQUENCE: 01388449
Team Date: 09-30-2019

Plan is for inmate: SAMUELS, TERRY T  19361-424

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| ALP | C | PARENTING III WED 12:30-2:30PM | 11-14-2008 | 03-19-2009 |
| ALP | C | PARENTING II TH 12:30-2:30 PM | 08-11-2008 | 11-11-2008 |
| ALP | C | PARENTING: WED. 9:30-11:30 AM | 05-20-2008 | 07-30-2008 |
| ALP | C | COMMERCIAL DRIVER | 05-19-2008 | 06-24-2008 |
| ALP | C | ACE OSHA SAFETY COURSE | 06-23-2008 | 06-24-2008 |

### Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|

** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS **

### Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1-MH | CARE1-MENTAL HEALTH | 09-24-2010 |
| CARE2 | STABLE, CHRONIC CARE | 05-28-2014 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 04-13-2016 |
| YES F/S | CLEARED FOR FOOD SERVICE | 04-13-2016 |

### Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| DRG I NONE | NO DRUG INTERVIEW REQUIRED | 04-11-2008 |
| ED FAIL V | DRUG EDUCATION FAIL-VOLUNTEER | 12-20-2011 |
| NR COMP | NRES DRUG TMT/COMPLETE | 02-23-2012 |

### FRP Details

Most Recent Payment Plan

| FRP Assignment: | COMPLT | FINANC RESP-COMPLETED | Start: 03-09-2010 |
|---|---|---|---|
| Inmate Decision: | AGREED | $25.00 | Frequency: QUARTERLY |
| Payments past 6 months: | $0.00 | | Obligation Balance: $0.00 |

### Financial Obligations

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $200.00 | $0.00 | IMMEDIATE | COMPLETEDZ |

** NO ADJUSTMENTS MADE IN LAST 6 MONTHS **

### Payment Details

Trust Fund Deposits - Past 6 months: $1,645.20    Payments commensurate? Y
New Payment Plan: ** No data **

### Progress since last review

Samuels is currently enrolled in Pre-GED, Coping with Stress, and stretching class. He completed Foot Injuries on September 20, 2019; Plyometric on September 20, 2019; Benefits of exe3rcise on September 6, 2019; Speed, agility and quickness on September 6, 2019; Nutrition class on May 30, 2019; Basic Wellness on May 28, 2019, Joint Integrity on April 25, 2019; Metabolism on April 30, 2019.

### Next Program Review Goals

Complete current classes by next program review.

### Long Term Goals

Enroll and complete Beginning guitar and piano by 10-2020.

### RRC/HC Placement

No.
Management decision - Life Sentence.

### Comments

PREA reevaluated: No concerns noted.



**Individualized Reentry Plan - Program Review (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: SAMUELS, TERRY T 19361-424

SEQUENCE: 01388449
Team Date: 09-30-2019

Name: SAMUELS, TERRY T
Register No.: 19361-424
Age: 45
Date of Birth: 01-13-1974

DNA Status: ALP01683 / 06-09-2011

_____
Inmate (SAMUELS, TERRY T. Register No.: 19361-424)

_____
Date

_____
Unit Manager / Chairperson

_____
Case Manager

_____
Date

_____
Date