IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-CR-1020-LRR |
| | ) | |
| vs. | ) | |
| | ) | |
| TERRY TERRELL SAMUELS, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO DEFENDANT'S SUPPLEMENTAL MOTION FOR REDUCED SENTENCE PURSUANT TO THE FIRST STEP ACT**

The United States files its response to defendant's motion for reduced sentence pursuant to Section 404 of the First Step Act, Public Law 115-391, 132 Stat 5194 (2018) ("First Step Act"). For the reasons stated below, defendant is not eligible for relief, and the Court should deny the motion.

**I.    *DEFENDANT'S CONVICTION AND SENTENCE***

In June 2007, defendant Terry Samuels was convicted, after a jury trial, of both counts of the Indictment filed on May 25, 2006. (PSR ¶¶ 1, 5). Each count charged the distribution of crack cocaine, within 1,000 feet of a protected location, after two or more prior drug felony convictions, in violation of 21 U.S.C. §§ 841(a)(1), 851, and 860.[1] (Docket 1).

---

[1] Count 1 involved 20.24 grams of crack cocaine, and Count 2 involved 19.35 grams of crack cocaine. (Docket 1). However, as outlined below, because of the protected location and the multiple enhancements under 21 U.S.C. § 851, the drug quantity is irrelevant to the question of whether defendant is eligible for relief.

1

Pursuant to 21 U.S.C. §§ 841(b)(1)(A), 851, and 860, defendant faced a mandatory life sentence on each count. In November 2007, the Court sentenced defendant to concurrent terms of life imprisonment. (Docket 72).

Defendant filed a pro se motion for relief under the First Step Act on January 11, 2019. (Docket 116). On January 16, 2020, defense counsel filed a supplemental motion on defendant's behalf. (Docket 128). On January 17, 2020, the Court ordered the government to respond to defendant's supplemental motion. (Docket 129).

## II. *THE FIRST STEP ACT*

The First Step Act, enacted on December 21, 2018, authorizes retroactive application of part of the Fair Sentencing Act of 2010 ("FSA 2010") to certain defendants. Specifically, Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Section 404, Public Law 115-391, 132 Stat. 5194 (2018) (hereinafter cited as "First Step Act").

Defendant focuses on Section 2 of the FSA 2010.[2] Section 2 of the FSA 2010 increased the quantity of cocaine base, commonly called crack cocaine, necessary to

---

[2] Section 3 of the FSA 2010 eliminated the provision in 21 U.S.C. § 844(a) which had imposed a five-year mandatory minimum sentence for simple possession of five grams or more of crack cocaine. Defendant was not convicted of simple possession.

2
Case 2:06-cr-01020-LRR-MAR   Document 131   Filed 01/27/20   Page 2 of 8

trigger mandatory minimum sentences under 21 U.S.C. §§ 841(b)(1)(A) and

841(b)(1)(B), as follows:

|  | Statutory Penalties[3] | Crack cocaine quantity pre-FSA 2010 | Crack cocaine quantity post-FSA 2010 |
| --- | --- | --- | --- |
| 841(b)(1)(A) | 10 years – life<br>20 years – life [single 851]<br>Mandatory life [double 851] | 50 grams | 280 grams |
| 841(b)(1)(B) | 5 years – 40 years<br>10 years – life [single 851]<br>10 years – life [double 851] | 5 grams | 28 grams |

Finally, assuming that a defendant is eligible for relief, the First Step Act makes a reduced sentence entirely discretionary, noting that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Section 404(c), First Step Act. In determining whether the Court should grant a sentence reduction to an eligible defendant, the Court may consider the presentence report and should assess the ordinary considerations pertinent to sentencing as set forth in 18 U.S.C. § 3553(a). In addition, under *Pepper v. United States*, 562 U.S. 476 (2011), the Court may consider post-offense conduct, either positive or negative, in assessing whether to adjust a previously imposed sentence.

### III. *DEFENDANT'S MANDATORY LIFE SENTENCE WAS NOT ERRONEOUS*

Defendant questions whether his mandatory life sentence was erroneous, noting that "[h]is drug quantity did not require life, even under the old 100:1 crack

---

[3] The FSA 2010 did not change any of the statutory penalties found under 21 U.S.C. § 841. Instead, it only changed the amount of crack cocaine necessary to trigger those penalties.

penalties or drug recidivist enhancements." (Dockett 128 at 1). Defendant argues that, regardless, "his statutory range today has certainly changed post-FSA." (Docket 128 at 5). Defendant is incorrect that his conviction did not require a life sentence, and this misunderstanding serves as the basis for defendant's erroneous claim that his statutory range would have changed after the FSA 2010 was in effect. Therefore, before turning to defendant's eligibility under the First Step Act, the government first responds to defendant's claim that he should not have been subject to a mandatory life sentence.

Defendant was convicted of the distribution of crack cocaine within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1) and 860. The government filed a notice of multiple prior felony drug convictions pursuant to 21 U.S.C. § 851. At the time of defendant's sentencing, 21 U.S.C. § 841(b)(1)(A) provided, in part:

> If any person commits a violation of this subsection, **or** of section 849, 859, **860**, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release[.]

21 U.S.C. § 841(b)(1)(A) (2007) (emphasis added). Therefore, 21 U.S.C. § 841(b)(1)(A) specifically provided for a mandatory minimum of life imprisonment for a violation of § 860 after two or more prior felony drug convictions.

Indeed, the Eighth Circuit Court of Appeals has recognized that the crime of distribution of a controlled substance within 1,000 feet of a protected location, after two or more prior felony drug convictions, was punishable by a mandatory life sentence, regardless of the drug quantity. *See United States v. Ford*, 642 F. App'x

4

637, No. 14-3437 (8th Cir. Apr. 28, 2016) (unpublished). The statutory language cited above did not change until the First Step Act was enacted in late 2018. Therefore, at the time of defendant's sentencing, he was subject to a mandatory life sentence on each count.[4]

IV.    *DEFENDANT IS NOT ELIGIBLE FOR RELIEF BECAUSE HE WAS NOT CONVICTED OF A "COVERED OFFENSE"*

Not all defendants who were convicted of a crack cocaine offense are eligible for a reduction under the First Step Act. The First Step Act authorizes courts to "impose a reduced sentence as if [the increased crack cocaine thresholds set forth in section 2 of the FSA 2010] were in effect at the time the covered offense was committed." Section 404(b), First Step Act. Therefore, as an initial matter, Section 404 of the First Step Act does not permit a court to reduce a sentence unless the defendant was convicted of a "covered offense"

A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." Section 404(a), First

---

[4] Defendant questions how he could be subject to any penalties contained in § 841(b)(1)(A), because he was not charged with violating that section. (Docket 128 at 2, n.2). Indeed, defendant was convicted of violating 21 U.S.C. § 860, after two or more prior convictions. The penalty for such a violation is, however, found in § 841(b)(1)(A). In *Ford*, the Eighth Circuit noted that the mandatory life sentence under § 841(b)(1)(A) applied even though "Ford was not charged under § 841(b)(1)(A)." *Ford*, 642 F. App'x at 640. In its notice of enhanced penalties, filed pursuant to § 851, the government advised defendant that, "pursuant to 21 U.S.C. §§ 841(b)(1)(A), 860(a), and 851," Counts 1 and 2 were each punishable by a mandatory life sentence. (Docket 32 at 2). Therefore, as in *Ford*, "[t]he government properly notified [defendant] that it would be seeking [the mandatory life sentence]" under § 841(b)(1)(A). *Ford*, 642 F. App'x at 640.

Step Act of 2018. Neither Count 1 nor Count 2 of the Indictment fit within this definition, because their applicable statutory penalties were not "modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.*

As set forth above, both counts were subject to a mandatory life sentence. They are "covered offenses" only if the statutory range (mandatory life) would have been "modified by section 2 or 3" of the FSA 2010. Section 3 is not applicable because defendant was not convicted of simple possession. Section 2 of the FSA 2010 does not provide an avenue for relief, because it changed only the drug quantity threshold necessary to trigger the statutory penalties set forth in § 841(b)(1)(A), and did not alter the penalties themselves. In defendant's case, the new drug quantity thresholds set forth in the FSA 2010 were irrelevant to the determination of the statutory penalty range, because mandatory life was required based only on defendant's prior record and the protected location. Simply put, the FSA 2010 did <u>not</u> amend the portion of Section 841(b)(1)(A) that required a mandatory life sentence in this case, and therefore did not modify the statutory penalty range that applied to defendant's offense of conviction. While this is clear from the text of the FSA 2010 itself, it is also clear from the continued application of the mandatory life sentence in cases after the FSA 2010 was in effect. In fact, the *Ford* case cited above was from 2016, six years after the FSA 2010 was in effect, and the statutory language at issue still required a life sentence at that time. Therefore, the FSA 2010 simply had no impact on the statutory penalty range that applied for defendant's convictions.

It is true that the mandatory minimum life sentence no longer applies today for a conviction of § 860 with two or more prior felony drug convictions. The First Step Act changed this penalty to require a mandatory minimum sentence of 25 years, instead of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A); Section 401, First Step Act of 2018. However, this portion of the First Step Act (Section 401) was not made retroactive. In fact, Section 401(c) of the First Step Act specifically makes Section 401 applicable only to defendants who had not yet been sentenced at the time of the enactment of the First Step Act. *See* Section 401(c), First Step Act of 2018. Defendant cannot benefit from Section 401 of the First Step Act.

Because defendant was sentenced significantly before the enactment of the First Step Act, the only portion of the First Step Act potentially applicable to defendant is Section 404, which is the section described above retroactively applying the FSA 2010. Indeed, defendant does not argue that he is entitled to relief under Section 401 of the First Step Act, and such an argument would be frivolous. He seeks relief only under Section 404(b). But, as stated above, because defendant was not convicted of a "covered offense," he fails to meet the eligibility criteria set forth under Section 404(b).

For these reasons, defendant is not eligible for relief under Section 404(b), and his supplemental motion (and his pro se motion) must be denied.

## V. *CONCLUSION*

Defendant's offenses of conviction do not qualify as "covered offenses" and defendant is not eligible for relief. His motion should be denied without a hearing. *See United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (holding that the

7

district court is not required to hold a hearing on a motion for a reduced sentence under Section 404(b) of the First Step Act).

|  | Respectfully Submitted, |
|---|---|
|  | PETER E. DEEGAN, JR.<br>United States Attorney |
| CERTIFICATE OF SERVICE |  |
| I hereby certify that on January 27, 2020, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record. | By:  */s/ Justin Lightfoot* |
|  | JUSTIN LIGHTFOOT<br>Assistant U.S. Attorney<br>Northern District of Iowa<br>111 Seventh Ave. SE, Box 1<br>Cedar Rapids, Iowa  52402<br>(319) 363-6333<br>(319) 363-1990 (fax)<br>Justin.Lightfoot@usdoj.gov |
| UNITED STATES ATTORNEY |  |
| BY: */s/  RAL* |  |