IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>TERRY SAMUELS,<br>Defendant. | Case No. 06cr1020<br>Hon. Linda Reade |

**DEFENDANT TERRY SAMUELS'S REPLY IN SUPPORT OF HIS MOTION FOR A REDUCED SENTENCE UNDER SECTION 404(b) OF THE FIRST STEP ACT**

DEFENDANT TERRY SAMUELS is serving a mandatory life sentence for distributing 20.24 grams (Count 1) and 19.35 grams (Count 2) of crack within 1000 feet of a protected location. In further support of his Motion for a Sentence Reduction, Mr. Samuels states as follows:

1. Mr. Samuels was charged with violating Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 860(a).

2. Mr. Samuels has filed a motion for relief under Section 404 of the First Step Act, maintaining his statutory penalties have changed since the passage of the Fair Sentencing Act.

3. On January 27, the government responded in opposition, arguing Mr. Samuels' statutory penalties have not changed and, therefore, he is ineligible for First Step Act relief. Specifically, the government contends: "**21 U.S.C. § 841(b)(1)(A)** specifically

provided for a mandatory minimum of life imprisonment for a violation of § 860 after two or more prior felony drug convictions." (emphasis added)

4. While it may be true that 21 U.S.C. § 841(b)(1)**(A)** requires a mandatory life conviction after a second or subsequent drug conviction, that has nothing to do with Mr. Samuels case. Mr. Samuels was *never* charged or convicted of violating 21 U.S.C. § 841(b)(1)**(A)**. His conduct has never risen to the drug quantities set forth in 21 U.S.C. § 841(b)(1)**(A)**, either before or after the First Step Act.

5. Subsection (A) of 21 U.S.C. § 841(b)(1) would have only applied if Mr. Samuels had distributed at least 50 grams of crack near a protection location.[1] In both charged counts, Mr. Samuels's offense involved approximately 20 grams of crack, which is far short of the amount necessary to charge a violation of 21 U.S.C. § 841(b)(1)(A) or trigger its enhanced penalties.

6. Essentially, the government makes the entirely erroneous argument that it can graft a mandatory life penalty from an uncharged subsection of the drug statute to the subsection it charged. Notably, the government did not and cannot cite to a single case that supports its argument.

7. The government got it wrong in Mr. Samuels case when he was sentenced. It made an erroneous argument to the Court. Mr. Samuels has served nearly 13 years of a life sentence that should not have been imposed. For 13 years he has believed he will die

---

[1] Today post-FSA, Subsection A's higher penalties, including the Three Strikes Enhancement, only apply when the drug offense involved at least 280 grams of crack.

in prison. Sadly, the government continues to misinterpret the law today. Fortunately, the First Step Act allows the Court to correctly reduce Mr. Samuels's sentence.

## CONCLUSION

Defendant Terry Samuels is eligible for a sentence reduction under Section 404(b) of the First Step Act. Mr. Samuels asks the Court to reduce his life sentence to 180 months' of concurrent imprisonment on Count 1 and Count 2, particularly given the low drug quantity in this case, his earnest rehabilitation, and the need to avoid unwarranted disparities.


Respectfully submitted,

                                             TERRY SAMUELS
                                             DEFENDANT

                                             BY: /s/ MiAngel Cody
                                             *Counsel for the Defendant*
                                             TDC Law Office
                                             1325 S. Wabash Ave., Ste 305
                                             Chicago, Illinois 60605
                                             Telephone: (312) 621-8333

# CERTIFICATE OF SERVICE

The undersigned, MiAngel Cody, an attorney with The Decarceration Collective hereby certifies that on January 27, 2019, I electronically filed the following with the Clerk of the Court using the CM/ECF system:

**DEFENDANT TERRY SAMUELS'S REPLY IN SUPPORT OF HIS MOTION FOR A REDUCED SENTENCE UNDER SECTION 404(b) OF THE FIRST STEP ACT**

<u>/s/ MiAngel Cody</u>
MIANGEL CODY

THE DECARCERATION COLLECTIVE
LAW OFFICE
1325 S. Wabash Suite 305
Chicago, IL 60605

*Attorney for Terry Samuels*