IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>TERRY SAMUELS,<br>Defendant. | Case No. 06cr1020<br>Hon. Linda Reade |

**DEFENDANT TERRY SAMUELS'S SUPPLEMENTAL REPLY IN SUPPORT OF HIS MOTION FOR A REDUCED SENTENCE UNDER SECTION 404(b) OF THE FIRST STEP ACT**

DEFENDANT TERRY SAMUELS is serving a mandatory life sentence for distributing 20.24 grams (Count 1) and 19.35 grams (Count 2) of crack within 1000 feet of a protected location. In further support of his Motion for a Sentence Reduction, Mr. Samuels states as follows:

1. Mr. Samuels was charged with violating Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 860(a).

2. Mr. Samuels has filed a motion for relief under Section 404 of the First Step Act, maintaining his statutory penalties have changed since the passage of the Fair Sentencing Act.

3. On January 27, the government responded in opposition, arguing Mr. Samuels' statutory penalties have not changed and, therefore, he is ineligible for First Step Act relief. Specifically, the government contends: "**21 U.S.C. § 841(b)(1)(A)** specifically

provided for a mandatory minimum of life imprisonment for a violation of § 860 after two or more prior felony drug convictions." (emphasis added)

4. In opposition to Mr. Samuels's motion, the government relies exclusively on the case of United States v. Ford, 642 F. App'x 637, 638 (8th Cir. 2016). In Ford, the defendant was charged and convicted of selling **heroin** within 1000 feet of a protected location, in violation of **841(b)(1)(C)** and 860(a). The Ford case is materially distinguishable for two reasons:

5. First, as we know, First Step Act relief is *never* possible for 841(b)(1)(C) convictions. That is not because there may have been a protected location component in those cases; it is because 841(b)(1)(C) convictions categorically fall outside the purview of the Fair Sentencing Act's statutory changes. In other words, because the 2010 Fair Sentencing Act did not modify the statutory penalties for drug offenses that violate 841(b)(1)(C)'s catchall penalty provisions, it is necessarily the case that 841(b)(1)(C) crack offenses are not "covered offenses" under the First Step Act. See, e.g., United States v. Pompey, No. CR 97-0638 RB, 2019 WL 3973131, at *1 (D.N.M. Aug. 22, 2019)("As Mr. Pompey received a sentence for a violation of Section 841(b)(1)(C), he is ineligible for a sentence reduction under the First Step Act."); United States v. Woodson, No. 1:09CR75, 2019 WL 2503963, at *2 (N.D.W. Va. June 17, 2019) (["T]he First Step Act has no effect on Woodson's sentence because his conviction for violating § 841(b)(1)(C) is not a "covered offense." This is so because Sections 2 and 3 of the Fair Sentencing Act of 2010 did not modify the penalties for violating §

841(b)(1)(C)."). Mr. Samuels was convicted under 841(b)(1)(B); therefore the <u>Ford</u> case is inapplicable to him.

6. Second, the <u>Ford</u> case involved heroin – not crack. Therefore, there was never any discussion of whether the Fair Sentencing Act or First Step Act could apply in that case. Mr. Samuels was convicted of a crack offense under 841(b)(1)(B); therefore the <u>Ford</u> case (which involved heroin) does not address whether the First Step Act applies to him.

7. If Mr. Samuels was charged with an 841(b)(1)(C) violation or if his case involved some drug other than crack, the government's reliance on <u>Ford</u> might have some traction. However, Samuels was *not* charged with 841(b)(1)(C) catchall penalty conduct and his case *is* a crack case.

8. **The government has not cited any 841(b)(1)(B) crack case where the court denied First Step Act relief because the offense occurred within 1000 feet of a protected location.** Mr. Samuels faces a mandatory life sentence – the second most severe penalty in our nation. Before the Court accepts the government's arguments as correct and denies Mr. Samuels motion, the government should at least present Your Honor with caselaw that persuasively supports its position.

## CONCLUSION

Defendant Terry Samuels is eligible for a sentence reduction under Section 404(b) of the First Step Act. Mr. Samuels asks the Court to reduce his life sentence to 180 months' of concurrent imprisonment on Count 1 and Count 2, particularly given the low drug quantity in this case, his earnest rehabilitation, and the need to avoid unwarranted disparities.

Respectfully submitted,

                                        TERRY SAMUELS
                                        DEFENDANT

                                        BY: /s/ MiAngel Cody
                                        *Counsel for the Defendant*
                                        TDC Law Office
                                        1325 S. Wabash Ave., Ste 305
                                        Chicago, Illinois 60605
                                        Telephone: (312) 621-8333

# CERTIFICATE OF SERVICE

The undersigned, MiAngel Cody, an attorney with The Decarceration Collective hereby certifies that on February 25, 2020, I electronically filed the following with the Clerk of the Court using the CM/ECF system:

**DEFENDANT TERRY SAMUELS'S REPLY IN SUPPORT OF HIS MOTION FOR A REDUCED SENTENCE UNDER SECTION 404(b) OF THE FIRST STEP ACT**

<u>/s/ MiAngel Cody</u>
MIANGEL CODY

THE DECARCERATION COLLECTIVE
LAW OFFICE
1325 S. Wabash Suite 305
Chicago, IL 60605

*Attorney for Terry Samuels*