# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR06-1020-LRR |
| vs. | **ORDER** |
| TERRY TERRELL SAMUELS, | |
| Defendant. | |

This matter is before the court upon defendant's motion for a reduced sentence pursuant to the "First Step Act" (FSA) (docket no. 128).[1]

## I.  BACKGROUND

The FSA became law on December 21, 2018, and, relevant to this case, made the "Fair Sentencing Act of 2010" retroactive. Section 404 of the FSA provides that a court may, "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." *Id*. § 404(b); *see also* 18 U.S.C. § 3582(c)(1)(B). The FSA defines a "covered offense" as any crime which had its penalties modified by § 2 or § 3 of the Fair Sentencing Act of 2010. *Id*. § 404(a). Section 2 of the Fair Sentencing Act modified the statutory penalties for certain violations of 21 U.S.C. § 841(b) related to cocaine, effectively reducing the penalty applicable to a qualifying defendant. *See also United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019).

---

[1] The court finds that neither the FSA nor the Federal Rules of Criminal Procedure require a hearing or the presence of the defendant. *United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019).

On January 11, 2019, defendant filed a pro se motion pursuant to the FSA. (docket no. 116). He subsequently filed several supplements and letters in support of his motion. (docket nos. 117-124). On January 16, 2020, defendant filed an amended motion (docket no. 128) through retained counsel. On January 17, 2020, the court entered an order directing the government to respond. (docket no. 129). The Government filed a resistance (docket no. 131) on January 27, 2020. Defendant filed two replies. (docket nos. 132, 233).

## II.    ORIGINAL SENTENCE

On May 25, 2006, defendant was charged in an indictment with two counts related to the distribution of crack cocaine. (docket no. 1). At trial, defendant was convicted of Counts 1 and 2 of the indictment. (docket no. 51). Specifically, in Count 1, defendant was convicted of distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 851, and 860 and in Count 2, defendant was convicted of distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 851, and 860. The presentence investigation report (PSIR) found defendant had a total offense level of 37 and a Criminal History Category of VI. (docket no. 69). Accordingly, defendant's statutory range was life on both Counts 1 and 2, with ten years to life of supervised release to follow. The United States Sentencing Guideline (USSG) range was life on both counts, with ten years of supervised release on both counts. On November 14, 2007, the court sentenced defendant to life in prison on both counts, to run concurrently, with two concurrent ten-year terms of supervised release to follow. (docket no. 72).

The court denied defendant sentence reductions under retroactive USSG changes in 2009, 2012, 2015, because he was a career offender with a mandatory minimum of life. (docket nos. 94, 109, and 112).

## III. ANALYSIS

### 1. *Is Defendant Eligible for a Sentence Reduction*

Defendant argues he is eligible for a sentenced reduction pursuant to § 404 of the FSA. As discussed above, § 404 of the FSA provides that if defendant is convicted of a covered offense, the court may reduce a sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. The FSA defines a "covered offense" as any crime which had its penalties modified by § 2 or § 3 of the Fair Sentencing Act of 2010. *Id*. § 404(a). As explained by the Eighth Circuit Court of Appeals:

> Congress enacted the Fair Sentencing Act in 2010, which reduced the sentencing disparity between cocaine base and powder cocaine from 100-to-1 to 18-to-1. *Dorsey v. United States*, 567 U.S. 260, 269, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012); *see* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Section 2 of the Fair Sentencing Act increased the quantity of cocaine base required to trigger mandatory minimum sentences. It raised the threshold for the 5-year minimum from 5 grams to 28 grams, and raised the threshold for the 10-year minimum from 50 grams to 280 grams. *Dorsey*, 567 U.S. at 269, 132 S.Ct. 2321. Section 3 eliminated the 5-year mandatory minimum for simple possession of cocaine base. *Id*. These changes did not apply to defendants sentenced before August 3, 2010. *Id*. at 263, 132 S.Ct. 2321.

*McDonald*, 944 F.3d at 771. However,

> the Fair Sentencing Act did not modify the factual predicates necessary to trigger a mandatory life sentence under either [§§ 841(b)(1)(A) or 841(b)(1)(B)], regardless of the quantity of drugs involved in the offense. *See* generally Fair Sentencing Act.

*United States v. Carter*, 792 F. App'x 660, 663 (11th Cir. 2019) (unpublished).

Defendant was subject to a mandatory minimum of life on both Count 1 and Count 2. While in some instances a violation of § 841(b)(1)(A) is a covered offense, it is not in this case because the portion of the statute defendant was convicted was not "modified by section 2 or 3" of the Fair Sentencing Act. Section 2 of the Fair Sentencing Act only

3

amended the drug quantity threshold necessary to trigger the statutory penalties set forth in § 841(b)(1)(A) and did not alter the penalties themselves. The Fair Sentencing Act did not change the penalties applicable to defendant because defendant's § 851 enhancement and the § 860 protected location conviction resulted in the mandatory life sentence. Specifically, both before and after the Fair Sentencing Act, § 841(b)(1)(A) stated:

> If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release. . .[2]

That is the operative language that resulted in defendant's mandatory minimum of life.[3] Put another way, defendant would have been subject to the same statutory mandatory minimum even if sentenced after the Fair Sentencing Act took effect.[4] Accordingly, the court finds that defendant is not eligible for relief pursuant to Section 404 of the FSA and his motion is denied.

### 2. *Defendant's Challenge to his Underlying Conviction*

In his motion brief (docket no. 128) defendant argues that, "[i]t is important to note that Mr. Samuels was never charged or convicted of violating 21 U.S.C. § 841(b)(1)(A); therefore, he should not have been subject to a three-strikes enhancement

---

[2] *See* both the 2007 and 2010 versions of 21 U.S.C. § 841(b)(1)(A).

[3] The FSA did amend that portion of § 841(b)(1)(A). *See* Pub. L. No. 115-391, § 401(a)(2)(A), 132 Stat. 5194, 5220 (reducing the mandatory minimum for two prior convictions from life to twenty-five years). However, that portion of the FSA was not retroactive. *See* Section 401(c). Accordingly, for defendant to defeat the statutory mandatory minimum of life, he would need to be resentenced under FSA Section 401, and that type of resentencing was specifically prohibited by the FSA Section 401(c).

[4] The U.S. Probation Office for the Northern District of Iowa has written a memo calculating defendant's amended statutory and guideline range, considering the Fair Sentencing Act and the applicable changes to the Guidelines, which the court adopts. The memo prepared by U.S. Probation will be filed contemporaneously with this order.

4

under Section 851." That argument is frivolous. As explained in the Government's brief:

> 21 U.S.C. §841(b)(1)(A) specifically provided for a mandatory minimum of life imprisonment for a violation of § 860 after two or more prior felony drug convictions. Indeed, the Eighth Circuit Court of Appeals has recognized that the crime of distribution of a controlled substance within 1,000 feet of a protected location, after two or more prior felony drug convictions, was punishable by a mandatory life sentence, regardless of the drug quantity. *See United States v. Ford*, 642 F.App'x []637, No. 14-3437 (8th Cir. Apr. 28, 2016) (unpublished). The statutory language cited above did not change until the First Step Act was enacted in late 2018. Therefore, at the time of defendant's sentencing, he was subject to a mandatory life sentence on each count.

(docket no. 131 at 5).

Defendant's argument that he was not convicted of violating § 841(b)(1)(A) is the argument rejected by the Eighth Circuit in the *Ford* decision cited by the Government. Although in the *Ford* case the defendant was charged with distributing heroin, rather than crack cocaine, near a school, the structure of the § 841(b)(1)(A) sentence was the same as in this case. As explained by the Eighth Circuit Court of Appeals:

> Ford overlooks the disjunctive "or," which properly brings his conduct within the province of subsection (b)(1)(A)'s mandatory life sentence. A mandatory life sentence applies to any person who distributes certain quantities of controlled substance *or* to any person who violates § 860 "after two or more prior convictions for a felony drug offense." 21 U.S.C. § 841(b)(1)(A)(viii). Ford was convicted under § 860 after having been convicted of at least two prior felony drug offenses. That Ford was not charged under § 841(b)(1)(A) specifically does not make his sentence illegal.

*Ford*, 642 F. App'x at 639–40 (emphasis in original). For the same reason, defendant was properly sentenced in this case.

More importantly, defendant previously appealed his case to the Eighth Circuit of Appeals, who specifically affirmed his life sentence pursuant to § 841(b)(1). *United*

5

*States v. Samuels*, 543 F.3d 1013, 1021 (8th Cir. 2008). He renewed his argument in the context of 28 U.S.C. § 2255 motion, which this court denied, stating, "[c]ontrary to the movant's assertions, the law required the court to sentence him to a mandatory life sentence because of his prior convictions." (C09-1021-LRR, docket no. 11 at 3.) Defendant filed a motion requesting a certificate of appealability in that case, which was denied by the Eighth Circuit Court of Appeals. (C09-1021-LRR, docket no. 20). Accordingly, his argument that his underlying conviction was improper has been exhausted and denied.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED**:

(1) Both Defendant's pro se motion pursuant to the FSA (docket no. 116) and amended motion (docket no. 128) are **denied**.

**DATED** this 25th day of June, 2020.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA